**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROZALIYA MYGALYUK; MYKHAILO BENDERLIY, | No. 08-72887 |
| Petitioners, | Agency Nos. A079-610-393 |
| | A079-610-394 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Rozaliya Mygalyuk and Mykhailo Benderliy, natives of the Soviet Union

and citizens of Ukraine, petition for review of the Board of Immigration Appeals'

order dismissing their appeal from an immigration judge's ("IJ") decision denying

Mygalyuk's application for asylum, withholding of removal, and relief under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and deny the petition for review.

Substantial evidence supports the IJ's finding that Mygalyuk did not suffer past persecution because the discrimination and harassment she endured did not constitute persecution, even when considered cumulatively. *See Halaim v. INS*, 358 F.3d 1128, 1132 (9th Cir. 2004). Further, substantial evidence supports the IJ's conclusion that Mygalyuk failed to demonstrate a well-founded fear of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) (claim weakened or undercut when the applicant returns to the country or similarly-situated family members remain there without incident). Accordingly, Mygalyuk's asylum claim fails.

Because Mygalyuk failed to establish eligibility for asylum, she necessarily failed to meet the higher standard of eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Mygalyuk failed to establish it is more likely than not she will be tortured if returned to Ukraine. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**